Our File No.: 9086/SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Defendant*
61 Broadway, Suite 3000
New York, New York 10006
(212) 344-7042

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AFROZE TEXTILE INDUSTRIES (PRIVATE) LTD., <br><br>                                         Plaintiff, <br>     -against- <br><br> SUTTON APPAREL GROUP, LTD. and Geologistics Americas Inc. d/b/a "Agility" <br><br>                                         Defendants. | Civil Action No.: **08 cv 0243** <br><br> **GEOLOGISTICS ANSWER WITH CROSS-CLAIM AND COUNTER-CLAIM** |

Defendant GEOLOGISTICS AMERICAS INC. a/k/a AGILITY (hereinafter collectively referred to as "Agility"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, as and for its Answer to the Complaint allege upon information and belief as follows:

**JURISDICTION AND VENUE**

1. Upon information and belief, this Court has jurisdiction on the basis of diversity of citizenship and amount in controversy.

2. Deny knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph second of plaintiff's complaint.

3. Deny knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph third of plaintiff's complaint.

4. Admits that Geologistics d/b/a/Agility is an entity licensed to do business in New York and maintains an office at 15-201 Rockaway Blvd., Jamaica, N.Y. 11434-2867; except as so specifically admitted, defendant denies the remaining allegations set forth in paragraph fourth of plaintiff's complaint.

5. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph fifth of plaintiff's complaint.

6. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph sixth of plaintiff's complaint.

## COUNT I

7. Denies knowledge and information sufficient to form a belief with regard to the allegations set forth in paragraph seventh of plaintiff's complaint.

8. Denies all allegations against Agility set forth in paragraph eighth of plaintiff's complaint; further Agility is not required to respond to allegations set forth against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

9. Denies all allegations against Agility set forth in paragraph ninth of plaintiff's complaint; further Agility is not required to respond to allegations set forth against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

10. Denies all allegations against Agility set forth in paragraph tenth of plaintiff's complaint; further Agility is not required to respond to allegations set forth

against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

11. Denies all allegations against Agility set forth in paragraph eleventh of plaintiff's complaint; further Agility is not required to respond to allegations set forth against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

## COUNT II

12. Agility repeats, reiterates and realleges each and every denial, denial of information and belief and affirmative defense set forth in paragraphs 1 -11 as though each were fully set forth herein at length.

13. Denies all allegations against Agility set forth in paragraph thirteenth of plaintiff's complaint; further Agility is not required to respond to allegations set forth against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

## COUNT III

14. Agility repeats, reiterates and realleges each and every denial, denial of information and belief and affirmative defense set forth in paragraphs 1 -13 as though each were fully set forth herein at length.

15. Denies all allegations against Agility set forth in paragraph fifteenth of plaintiff's complaint; further Agility is not required to respond to allegations set forth

against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

## COUNT IV

16. Agility repeats, reiterates and realleges each and every denial, denial of information and belief and affirmative defense set forth in paragraphs 1 -15 as though each were fully set forth herein at length.

17. Denies all allegations against Agility set forth in paragraph seventeenth of plaintiff's complaint; further Agility is not required to respond to allegations set forth against other defendants, to the extent that said allegations are construed to impose liability on Agility, those allegations are denied.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. That the said shipments as described in plaintiff's complaint are subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

19. Said shipments were transported on ocean vessel as identified on the respective bills of lading subject to the contractual terms and conditions of the aforesaid bills of lading.

20. Any shortage, loss and/or damage to the shipment in suit which Agility specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act,

("COGSA") approved April 16, 1936, and/or Charter Act, and/or the provisions of the said bills of lading, and/or the General Maritime law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Due diligence was exercised on the part of the Agility to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff has failed to properly and fully mitigate its damages in its complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which Agility is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. That plaintiff failed to state a cause of action against Agility in its complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. That the venue of this matter is improperly placed in this District pursuant to the forum selection clauses in the applicable bill of lading contracts.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

26. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27. That plaintiff has failed to name a necessary party.

### AS AND FOR A  NINTH AFFIRMATIVE DEFENSE

28. That if plaintiff suffered any loss or damage, which Agility denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the Agility and without the fault or neglect of the agents or servants or Agility, and Agility is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

### AS AND FOR THEIR CROSS-CLAIM AGAINST DEFENDANT SUTTON APPAREL GROUP LTD.
### DEFENDANT AGILITY ALLEGES AS FOLLOWS:

29. Agility Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-28 inclusive of this answer, with the same force and effect as if herein set forth at length.

30. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss of damage caused any liability to Defendant Agility, then the said liability was brought about by Defendant Sutton Apparel Group's negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Agility is entitled to full indemnity

and/or contribution from Defendant Sutton Apparel Group, for its loss and damage including reasonable counsel fees and expenses.

### AS AND FOR THEIR COUNTER-CLAIM AGAINST PLAINTIFF DEFENDANT AGILITY ALLEGES AS FOLLOWS:

31. Agility Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1-30 inclusive of this answer, with the same force and effect as if herein set forth at length.

32. This action involves an admiralty and maritime claim within the meaning of Rule 9(h) with respect to the carriage of the subject cargo by sea and falls within the Court's pendent, ancillary and supplemental jurisdiction as to the remaining aspects of the claim. Agility seeks recovery of costs incurred caused by plaintiff's breaches of the bill of lading contract.

33. Agility sues herein for the costs incurred related to container INKU2637962 shipped pursuant to bill of lading contracts KHI0017695 and PK1261659 which arrived in the US on October 27, 2007.

34. Pursuant to plaintiff's instruction, the container cleared Customs, was devanned and stored at a private storage facility.

35. As of December 17, 2007, costs incurred by Agility on behalf of plaintiff amounted to USD 12,991.85.

36. As a result of the foregoing, Agility has sustained and continues to incur damages daily which have been duly demanded and denied.

**WHEREFORE**, Defendant Agility prays that the complaint against it be dismissed and its cross-claim and counter-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       January 31, 2008

                                        CICHANOWICZ, CALLAN, KEANE,
                                        VENGROW & TEXTOR, LLP
                                        61 Broadway, Suite 3000
                                        New York, New York 10006

                                        *Attorneys for Defendants,*
                                        ECT Transport Ltd. d/b/a Seaquest Line and
                                        Geologistics Americas Inc. a/k/a
                                        Geologistics Ltd.

                                        By:    <u>S/ Stephen Vengrow</u>
                                                     Steven H. Vengrow (3479)

**CERTIFICATE OF SERVICE BY ECF AND US MAIL**

The undersigned declares under penalty of perjury that the following is true and correct.

1. I am over the age of eighteen years and I am not a party to this action.

2. On January 31, 2008, I served the following by ECF and US Mail a true and complete copy of Geologistics Americas Inc. d/b/a Agility's response to plaintiff's complaint with cross and counter claims to the following party at:

> Shanker Law Group
> Attention: Michael Shanker
> Attorney for Plaintiff
> 101 Front Street
> Mineola, New York 11501-4402
>
> Sutton Apparel Group, Ltd.
> 521 Fifth Avenue
> New York, New York 10175

DATED:  New York, New York
        January 31, 2008

                                    s/ Jessica De Vivo
                            Jessica A. De Vivo (JAD6588)